**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MICHAEL CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Court No.: |
| | ) | |
| JEFFREY DAVIS, KINGS EXPRESS, INC., | ) | |
| ALLEN FURRER, and CHERYL NEWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME the Plaintiff, by and through The Law Offices of Robert Montgomery, and complaining of the Defendants, state as follows:

### JURISDICTIONAL ALLEGATIONS

1.      That on October 30, 2017, and at all relevant times thereafter, Plaintiff Michael Clark was a citizen and a resident is domiciled in the State of Illinois.

2.      That on October 30, 2017, and at all relevant times thereafter, Defendant Jeffrey Davis was a citizen and a resident domiciled in the State of Ohio.

3.      That on October 30, 2017, Defendant Kings Express Inc. and at all relevant times thereafter was a corporation incorporated and with its principal place of business in the State of Minnesota.

4.      That on October 30, 2017, and at all relevant times thereafter, Defendant Allen Furrer was a citizen and a resident domiciled in the State of Florida.

5.      That on October 30, 2017, and at all relevant times thereafter, Defendant Cheryl Newell was a citizen and a resident domiciled in the State of Indiana.

6.      Plaintiff's cause of action arises from an incident occurring within Clinton County, Indiana, which is located within this Judicial District.

7.      There is complete diversity of citizenship of the parties.

8.      This Court has original jurisdiction over this action under *28 U.S.C. 1331* and *1332,* resulting from the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

## <u>COUNT I – KINGS EXPRESS INC., and JEFFREY DAVIS</u>

9.      At all times material hereto, the State of Indiana has adopted the Federal Motor Carrier Regulations as standards and laws of the State.

10.      On October 30, 2017, and at all times relevant to this cause, Defendant, Kings Express Inc., was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as these terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 CFR Parts 390, *et seq.* (hereinafter, "Federal Regulations").

11.      That at said time and place and by reason of the use and operation of said commercial motor vehicle by its agent; Kings Express Inc., had a duty to comply with the rules, regulations and standards set forth in the Federal Motor Carrier Safety Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

12.      On or about the above date the Plaintiff was operating a motor vehicle stopped in traffic on I-65 northbound at the 151 mile marker in Clinton County, Jackson Township, and city of Frankfort, Indiana. When without warrant Plaintiff's vehicle was struck from behind.

13.  At the aforesaid time and place, the Defendant, Jeffrey Davis was a commercial truck driver in the use, possession, operation and control of a certain commercial motor

vehicle on behalf of Kings Express Inc., operated on I-65 northbound at the 151 mile marker behind the Plaintiff's vehicle at or near the above location.

14.     That on said date and time, Jeffrey Davis was the agent and employee of Kings Express Inc.

15.     That on said date and time, Jeffrey Davis was driving the aforementioned motor vehicle for the business of Kings Express Inc.

16.     That on said date and time Jeffrey Davis was in the course and scope of his employment with Kings Express Inc.

17.     That on said date and time, Kings Express Inc., controlled and directed the destination, conduct and hours of employment of Danny Brooks.

18.     That at said time and place and by reason of the use and operation of said motor vehicle; Jeffrey Davis had a duty to exercise reasonable care in the driving of the vehicle for the safety of others lawfully on the public roadway.

19.     That at said time and place and by reason of the use and operation of said commercial motor vehicle; Jeffrey Davis had a duty to comply with the rules, regulations and standards set forth in the Federal Motor Carrier Safety Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

20.     That at said time and place by reason of its status as owner, and or lessor of the motor vehicle operated by its agent Kings Express Inc., had a duty to exercise reasonable care to maintain its vehicles in a good state of repair, in the selection of its agents authorized to drive motor vehicles, and to maintain proper supervisory control over its agents so as to provide for the safety of others lawfully on or upon public streets.

21.     That notwithstanding said their duties of reasonable care, Defendants committed one or more of the following careless and negligent acts or omissions:

a.  Drove said vehicle at a speed greater than was reasonable or proper under the circumstances;

b.  Disobeyed traffic signs and controls regulating vehicles on said public way;

c.  Failed to give an appropriate notice, signal, or warning of the approach of the motor vehicle to Plaintiff;

d.  Failed to keep the motor vehicle under control;

e.  Failed to keep a proper lookout for traffic on the roadway;

f.  Failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending accident;

g.  Failed to exercise caution to avoid an impending accident;

h.  Failed to yield the right of way;

i.  Failed to properly supervise and train its agents.

j.  Negligently hired an individual who it knew or should have known had inadequate experience, training, knowledge, and skill to safely operate the subject tractor-trailer; and

k.  Negligently entrusted the subject tractor-trailer to an individual it knew or should have known had inadequate experience, training, knowledge, and skill to safely operate the vehicle.

22.   That on said date the aforementioned negligence of the Defendants was the proximate cause of an accident wherein the Plaintiff was injured and sustained property damage to his vehicle all which with the exercise of proper caution by the Defendants, could have been avoided.

23.   As a direct and proximate result of the wrongful acts or omissions of the Defendants, as heretofore alleged, the Plaintiff has been caused to be disabled, suffer pain and limitation of the Plaintiff's normal activities. The Plaintiff has expended, become indebted and liable for medical and hospital expenses and shall in the future experience pain, suffering, disability and loss of enjoyment of life. The Plaintiff will require future

medical care and incur additional medical expenses all due to the negligence of the Defendant. The Plaintiff has been and will be disabled from pursuing normal life activities. Further, the Plaintiff has been caused to lose income and will lose income in the future. Additionally the Defendant's negligence has caused the Plaintiff to be more susceptible to additional injuries.

WHEREFORE, the Plaintiff prays for the entry of a judgment against the Defendants in an amount that is in excess of $75,000.00 and fair and reasonable plus costs.

Plaintiff further demands trial by jury.

## COUNT II – ALLEN FURRER

1-8.    Plaintiff repeats and realleges paragraphs 1 through 8 of Count I as though fully set out.

9.    At the aforesaid time and place, the Defendant, Allen Furrer was in the use, possession, operation and control of a certain motor vehicle on I-65 northbound at the 151 mile marker in Clinton County, Jackson Township, and city of Frankfort, Indiana behind the Plaintiff's vehicle when without warrant Plaintiff's vehicle was struck from behind by the vehicle operated by Allen Furrer.

10.    At the time just prior to the time of the occurrence heretofore alleged, the Plaintiff was in the exercise of ordinary care for his own safety.

11.    At all times heretofore mentioned it was the duty of the Defendant to exercise ordinary care for the safety of the person and property of others.

12.    Notwithstanding said duty as heretofore alleged, the Defendant then and there carelessly and negligently did, or failed to do one or more of the following acts:

      a.    Drove said vehicle at a speed greater than was reasonable or proper under the circumstances;

      b.    Disobeyed traffic signs and controls regulating vehicles on said public way;

c.   Failed to give an appropriate notice, signal, or warning of the approach of the motor vehicle to Plaintiff;

d.   Failed to keep the motor vehicle under control;

e.   Failed to keep a proper lookout for traffic on the roadway;

f.   Failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending accident;

g.   Failed to exercise caution to avoid an impending accident;

h.   Failed to yield the right of way.

13.   That on said date the above conduct of the Defendant was the proximate and responsible cause of a collision wherein the Plaintiff was injured which with the exercise of proper caution by the Defendant the collision could have been avoided.

14.   As a direct and proximate result of the negligent and careless misconduct of the Defendant, the Plaintiff was then and there injured, disabled and suffered and will in the future suffer, pain and discomfort, and physical impairment, and lost income and will be kept from attending to ordinary and everyday affairs, jobs and duties and will lose sums on account thereof, and has become liable for sums of money for medical care and hospital care and attention in endeavoring to be cured of the injuries caused by said occurrence.

WHEREFORE, the Plaintiff prays for the entry of a judgment against the Defendants in an amount that is in excess of $75,000.00 and fair and reasonable plus costs.

Plaintiff further demands trial by jury.

## COUNT III – CHERYL NEWELL

1-8.   Plaintiff repeats and realleges paragraphs 1 through 8 of Count I as though fully set out.

9.   At the aforesaid time and place, the Defendant, Cheryl Newell was in the use, possession, operation and control of a certain motor vehicle on I-65 northbound at the 151

mile marker in Clinton County, Jackson Township, and city of Frankfort, Indiana, behind

the Plaintiff's vehicle when without warrant Plaintiff's vehicle was struck from behind by the

vehicle operated by Cheryl Newell.

10.     At the time just prior to the time of the occurrence heretofore alleged, the

Plaintiff was in the exercise of ordinary care for his own safety.

11.     At all times heretofore mentioned it was the duty of the Defendant to exercise

ordinary care for the safety of the person and property of others.

12.     Notwithstanding said duty as heretofore alleged, the Defendant then and there

carelessly and negligently did, or failed to do one or more of the following acts:

> a.     Drove said vehicle at a speed greater than was reasonable or
>        proper under the circumstances;
>
> b.     Disobeyed traffic signs and controls regulating vehicles on said
>        public way;
>
> c.     Failed to give an appropriate notice, signal, or warning of the
>        approach of the motor vehicle to Plaintiff;
>
> d.     Failed to keep the motor vehicle under control;
>
> e.     Failed to keep a proper lookout for traffic on the roadway;
>
> f.     Failed to properly reduce the speed of the vehicle to avoid a
>        foreseeable and impending accident;
>
> g.     Failed to exercise caution to avoid an impending accident;
>
> h.     Failed to yield the right of way.

13.     That on said date the above conduct of the Defendant was the proximate and

responsible cause of a collision wherein the Plaintiff was injured which with the exercise of proper

caution by the Defendant the collision could have been avoided.

14.     As a direct and proximate result of the negligent and careless misconduct of the

Defendant, the Plaintiff was then and there injured, disabled and suffered and will in the future

suffer, pain and discomfort, and physical impairment, and lost income and will be kept from

attending to ordinary and everyday affairs, jobs and duties and will lose sums on account thereof, and has become liable for sums of money for medical care and hospital care and attention in endeavoring to be cured of the injuries caused by said occurrence.

WHEREFORE, the Plaintiff prays for the entry of a judgment against the Defendants in an amount that is in excess of $75,000.00 and fair and reasonable plus costs.

Plaintiff further demands trial by jury.

Respectfully submitted,

/s/ Robert Montgomery
Robert A. Montgomery
Attorney at Law

Robert A. Montgomery
Attorney at Law
900 Ridge Road, Suite J
Munster, Indiana  46321
T:  219-923-7000; F:  219-931-1677
E:  rm@rmontlaw.com
Attorney Code 9327-98